UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61334-RS

WAHL HUNGARIA KFT.,
a foreign corporation,

    Plaintiff/Counterdefendant,

v.

4G ELECTRONICS GROUP INC.,
a Florida corporation,

    Defendant/Counterplaintiff.
_____/

## ORDER ON PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR ATTORNEYS' FEES AND MOTION FOR TAXABLE COSTS

This cause is before the Court on Wahl Hungaria KFT's ("Plaintiff") Motion for Taxable Costs [ECF No. 28] and Motion for Attorney's Fees [ECF No. 29]. The Motion was referred to the Undersigned by the Honorable Rodney Smith for appropriate resolution. [ECF No. 27]. For the reasons addressed below, it is **ORDERED** that Plaintiff's Motion for Taxable Costs [ECF No. 28] be **GRANTED** and that Plaintiff's Motion for Attorneys' Fees [ECF No. 29] be **GRANTED**.

## BACKGROUND

Plaintiff filed the instant Complaint on July 15, 2022, in which it asserts four counts: (1) breach of contract, (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), (3) negligent misrepresentation; and (4) unjust enrichment. [ECF No 1]. Plaintiff properly served 4G Electronics Group Inc ("Defendant") with the summons and the Complaint. [ECF No. 4]. Defendant filed an answer and a counterclaim for breach of contract against Plaintiff

1

on August 29, 2022. [ECF No. 10]. Plaintiff then filed its answers and affirmative defenses to Defendant's counterclaim on September 19, 2022. [ECF No. 15].

Thereafter, the attorney for Defendant moved to withdraw, which was granted, however Defendant then failed to obtain new counsel. [ECF Nos. 17, 18]. Plaintiff filed a Motion for Entry of Clerk's Default, which the Clerk entered pursuant to Federal Rule of Civil Procedure 55(a). [ECF Nos. 20, 21].

Plaintiff moved to dismiss Defendant's counterclaim with prejudice for failure to secure counsel and prosecute the counterclaim. [ECF No. 22]. The Court granted Plaintiff's motion to dismiss with prejudice, and subsequently, Plaintiff filed its motion for entry of final default judgment against Defendant, seeking damages in the amount of $84,739.38. [ECF No. 25]. The Court entered an order granting the motion. [ECF No. 26]. A subsequent order was entered awarding Plaintiff $84,739.38 in damages, $4,232.93 in prejudgment interest, post-judgment interest compounded annually pursuant to 28 U.S.C. § 1961. [ECF No. 27]. The Court further held that Plaintiff was entitled to "[r]easonable attorneys' fees and non-taxable costs as the prevailing party under [Plaintiff's] claim against [Defendant] for violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, section 501.204(1)." [ECF No. 27 at 2].

Plaintiff then timely filed the instant motions requesting $79,143.48 in attorney's fees and $510.00 in costs. [ECF Nos. 28, 29].

## DISCUSSION

### I. Attorney's Fees

Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S.

886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

Plaintiff's counsel properly submitted detailed time entries for the attorneys and the paralegal. [*See* ECF No. 29-2]. Additionally, Attorney Sarah M. DeFranco (Partner) ("Ms. DeFranco") ubmitted an affidavit detailing her qualifications, the qualifications of Attorney Nicole Villamar (Associate) ("Ms. Villamar"), Attorney Paige S. Newman (Associate) ("Ms. Newman"), and Paralegal Carrie Ann Hastings ("Ms. Hastings"). [ECF No. 29-1 at 2–3].

### A.     Reasonable Hourly Rate

The Court must first evaluate Plaintiff's requested hourly rate for the attorneys. A reasonable hourly rate is measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*,

No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Here, Ms. DeFranco's hourly rate is $540 and $594; Ms. Villamar's hourly rate is $418.50 and $441; and Ms. Newman's hourly rate is $418.50.[1] [ECF. No. 29-1 at 3]. Ms. DeFranco has been practicing for 19 years and is a Partner at the law firm representing Plaintiff. [*Id.* at 1, 4]. Ms. Villamar and Ms. Newman have been practicing for approximately 5 years. [*Id.* at 4]. Ms. Hastings' hourly rate is $243, and according to the affidavit, "she has worked as a paralegal at Akerman for approximately the last 16 years, since 2007." [*Id.* at 3, 4].

The Court finds that Ms. DeFranco's $540 and $594 hourly rates, Ms. Newman's $418.50 hourly rate, and Ms. Villamar's $418.50 and $441 hourly rates are reasonable. The changing legal landscape in South Florida—along with the Court's knowledge and experience concerning reasonable attorneys' fees—warrants a finding that the hourly attorney and paralegal rates here are reasonable. *See CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 22-MC-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, 22-MC-20762, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (highlighting the increase in hourly rates in South Florida). "Like attorneys and clients, courts, too, must adapt to these changes." *In re Gonzalez*, 20-MC-24628, 2023 WL 7461814, at *4 (S.D. Fla. Oct. 6, 2023), *appeal dismissed sub nom. Gonzalez v. Verfruco Foods, Inc.*, 23-13704, 2023 WL 8623437 (11th Cir. Dec. 13, 2023). Indeed, higher hourly rates have been approved by this district. *See e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) ("Those partner rates are reasonable in light of the evidence about Miami rates (which included an average partner rate of $655) and in

---

[1] Ms. DeFranco and Ms. Villamar have two hourly rates because the firm's hourly rates were increased after November 1, 2022. [ECF 29-1 at n 1].

4

light of counsel's skills, experience, and reputation."); *Family First Life, LLC v. Rutstein*, 22-CV-80243-AMC, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, 22-80243-CIV, 2023 WL 5929434 (S.D. Fla. Sept. 12, 2023) (holding that a fee of $775 is reasonable); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, 21-21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (holding that fees of $700 for a partner and $500 for a senior associate are reasonable); *CITGO Petroleum Corp.*, 2022 W17718802, at *4–5 (holding that fees of $850 for a partner and $700 for an associate are reasonable); *Caracol TV, S.A. v. Telemundo TV Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608 (S.D. Fla. Aug. 4, 2022) (recommending fees of $765 for work by a partner and $415 for an associate); *Global Digit. Solutions, Inc. v. Bolzan*, No. 18-80106-CV, 2021 WL 7630524 (S.D. Fla. Aug. 13, 2021) (reducing requested rates for attorneys from $1,230, $990, $850, and $630 to $820, $660, $567, and $420, respectively).

Further, this Court finds the $243 hourly rate requested for work performed by Ms. Hastings to be reasonable. *See Tropical Paradise Resorts, Ltd. Liab. Co. v. JBSHBM, Ltd. Liab. Co.*, No. 18-CV-60912-BLOOM/VALLE, 2021 U.S. Dist. LEXIS 84584, at *24–25 (S.D. Fla. Apr. 30, 2021) (awarding rates between $202.50 to $ 247.50 for work performed by paralegals with experience ranging from nine to twenty years). Accordingly, based on the above-referenced case law and the Court's own knowledge and experience, the Court concludes that the hourly rates requested for the attorneys and the paralegal in this case are reasonable.

### B. Reasonable Number of Hours Expended

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. Plaintiff seeks attorney's fees for

5

a total of 175.80 hours billed by attorneys and 12.5 hours billed by the paralegal. [ECF No. 29 at 4]. More specifically, Plaintiff requests 58.6 hours at the rate of $540, 22.5 hours at the rate of $594, 83.2 hours at the rate 418.50, 11.5 hours at the rate of $441, and 12.5 hours at a rate of $243. [ECF No. 29-1 at 3].

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).

A careful review of the hours Plaintiff's counsel expended does show some entries which courts have generally found to be inappropriate or excessive. For example, some billing entries are for clerical and administrative work, such as billing 1.9 hours for management of new client documents, 3.1 hours for reviewing client documents and creating an index, and 2.6 for updating client document files, should be excluded. [ECF No. 29-2 at 14, 20, 26]. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted*, No. 19-CV-60108, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed*, No. 21-10010-J, 2021 WL 1327212 (11th Cir. Feb. 5, 2021); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them.") (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)); *see also Richardson v. Fla. Drawbridges Inc.*, No. 21-cv-80803-MATTHEWMAN, 2023 U.S. Dist. LEXIS 36373, at *29 (S.D. Fla. Feb. 27, 2023) ("Time entries for clerical or administrative tasks should be excluded."); *Brito v. Sarrio Holdings IV, Inc.*, No.

6

1:21-cv-22112-KMM, 2022 U.S. Dist. LEXIS 35335, at *13 (S.D. Fla. Feb. 25, 2022) ("Clerical or secretarial tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time secretary.").

Further, the Partner's billing of 81.1 hours is high—particularly in comparison with the combined hours billed by both Associates, 94.7 hours. [ECF No. 29-1 at 3]. A review of the partner's time entries supports this conclusion: 16.6 hours were billed to drafting and revising the complaint; 7.1 hours were billed to revising the answer and affirmative defenses to the counterclaim; 2.3 hours were billed to revising the motion for entry of default; and 9.8 hours were billed to revising, researching, and drafting the motion for final default judgment and accompanying exhibits. [ECF No. 29-2 at 9–10, 14, 25–27, 41, 45, 49]. At least some of the hours expended on these tasks could have been performed by Associates. *See Moragomez v. Seasin's LLC*, No. 20-22390-Civ-SCOLA/TORRES, 2020 U.S. Dist. LEXIS 203743, at *17 (S.D. Fla. Oct. 30, 2020) (finding the attorney's hours billed to be excessive or unnecessary for an experienced attorney when time entries for "(1) legal research, (2) drafting the motion for default judgment, a proposed order to grant it, and an extension of time to file it, (3) drafting, revising, and filing the statement of claim, and (4) drafting counsels' declarations[,]" equaled 11.5 hours).

Nevertheless, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301-02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* The issues involved here were sophisticated and because Plaintiff's counsel has already voluntarily reduced

7

the hourly rates charged for their services by 10 percent [ECF No. 29 at 3], and I find that this rate is reasonable in comparison to significantly higher rates approved in this district, I see no reason to reduce the overall time billed for individual tasks.

Therefore, this Court awards **$79,143.48** in attorney's fees.

## II.     Costs

In addition to attorney's fees, Plaintiff seeks to recover $510.00 in costs. [ECF No. 28]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Therefore, Rule 54(d) "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a United States Court may tax as costs the following:

   (1)   fees of the clerk and marshal;
   (2)   fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3)   fees and disbursements for printing and witnesses;
   (4)   fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5)   docket fees []; and
   (6)   compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6).

The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiff seeks a total of $510.00 in costs divided as follows: (1) $402.00 filing fee; (2) $43.00 for service of summons and Complaint on Defendant; and (3) $65.00 for service of subpoena on UPS. [ECF No. 28-1 at 2]. Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost. Moreover, Plaintiff is also entitled to the $43.00 and $65.00 process server fee. More specifically:

> Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes . . . . According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses.

*See Kennedy v. Fountains of Boynton Assocs.*, No. 16-81902-CIV, 2017 U.S. Dist. LEXIS 184427, at *10-11 (S.D. Fla. Nov. 6, 2017) (internal citations omitted). Thus, this Court finds that Plaintiff is entitled to recover a total of **$510.00** in costs, which include (1) $402.00 filing fee and (2) $108.00 for service of process on Defendant and UPS.

**III.   Interest**

Plaintiff requests that this Court permit it to recover interest on costs. The Eleventh Circuit has provided that "when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). The "post-judgment interest rate is determined by the 'weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Soto v. Miami-Dade County*, No. 14-cv-21307, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019),

9

*report and recommendation adopted*, 2019 WL 5215391 (S.D. Fla. Sept. 5, 2019) (citing 28 U.S.C. § 1961(a)).

Given that Plaintiff is the prevailing party in this action, it is statutorily entitled to post-judgment interest at the permitted rate. According to the Board of Governors of the Federal Reserve System, the interest rate applicable for the calendar week ending April 28, 2023, the week before the date of judgment, is 4.8%. This interest rate should be applied to the award of costs, effective as of May 5, 2023.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Wahl Hungaria KFT's Motion for Taxable Costs [ECF No. 28] be **GRANTED** and that its Motion for Attorney's Fees [ECF No. 29] be **GRANTED**. The Court awards Wahl Hungaria KFT **$79,143.48** in attorney's fees and **$510.00** in costs. Post-judgment interest at a rate of 4.8% shall apply to the award of costs.

**SIGNED** this 1st day of March, 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Rodney Smith**; and

   **All Counsel of Record**